UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TYLER SILVERIA** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **RIVER SERVICES COMPANY, LLC** | * | **SECTION:** |
| | * | |
| | * | **JURY DEMAND** |
| *   *   *   *   *   *  | * | |

**COMPLAINT**

Complainant, **TYLER SILVERIA**, a person of the full age of majority and resident of the State of Louisiana, through undersigned counsel, brings this action against **RIVER SERVICES COMPANY, LLC,** (hereinafter, "Respondent"), and avers:

**JURISDICTION & VENUE**

**I.**

Jurisdiction of this Honorable Court is based on the Jones Act (46 U.S.C. § 30104, *et. seq.*), and under the General Maritime Law for unseaworthiness and general maritime negligence. Venue is proper in accordance with 28 U.S.C. § 1391 (b)(1).

**II.**

Parties named herein are as follows:

1. Named Complainant herein is:

    **TYLER SILVERIA**, a resident of the full age of majority of the State of Louisiana;

1

2. Named Respondent herein is:

**RIVER SERVICES COMPANY, LLC.**, a domestic limited liability company authorized to do and doing business in the State of Louisiana.

### III.

The amount in controversy herein exceeds the minimal jurisdictional requirements of this Honorable Court, exclusive of interest and costs.

### IV.

At all times pertinent herein **RIVER SERVICES COMPANY, LLC**, was the owner and/or operator of a diving support vessel providing commercial diving operations in the Gulf of Mexico and adjoining waters off the coast of Louisiana.

### FACTS

### V.

On or about 25 May 2022 Complainant, **TYLER SILVERIA**, was employed by **RIVER SERVICES COMPANY, LLC**, as a seaman and member of the crew of a diver support vessel under the ownership, control and authority of Respondent, **RIVER SERVICES COMPANY, LLC**, as the diver support vessel was conducting commercial diving operations in the Gulf of Mexico off the coast of Louisiana.

### VI.

On the aforementioned date Complainant, **TYLER SILVERIA**, while conducting a dive from the diver support vessel, sustained central nervous system decompression illness upon surfacing following a dive to approximately 59 feet.

### VII.

Following **TYLER SILVERIA**'s manifestation of central nervous system decompression illness **RIVER SERVICES COMPANY, LLC's** supervisory personnel on

location and in its on-land headquarters failed to provide Mr. Silveria prompt and necessary emergency medical treatment; rather than following the mandated emergency medical protocols found in the commercial diving industry and providing Mr. Silveria medical treatment at location of the dive, **RIVER SERVICES COMPANY, LLC** instead transported Mr. Silveria from location to West Jefferson General Medical Center in Harvey, Louisiana, a trip of over five hours.

## VIII.

As a result of the aforementioned incident, Complainant, **TYLER SILVERIA**, was caused to sustain severe and disabling injuries to his body the severity of which rendered Complainant medically unfit to continue his career as a commercial diver.

## IX.

As a direct result of the incident aforementioned in Paragraphs **VII.** and **VIII.**, your Complainant, **TYLER SILVERIA,** has sustained a disability, incurred, and will continue to incur in the future loss of wages, found, fringe benefits, earning capacity and has incurred and will incur in the future, medical expenses, and other financial losses, for which he is entitled to recover from **RIVER SERVICES COMPANY, LLC**.

## CAUSES OF ACTION

## JONES ACT

## X.

Complainant's damages were the proximate and direct result of the following negligent acts of the Respondent, **RIVER SERVICES COMPANY, LLC**, in its operation and maintenance of the task at hand and in the operation of the diver support vessel, complainant's working conditions and in the supervision of and planning and direction of the

work of the vessel's crew; additionally, and more specifically, **RIVER SERVICES COMPANY, LLC**, was negligent in failing to:

1. Plan and implement a safe dive plan for the dive in question;

2. Provide proper medical care and treatment following the report by Complainant of symptoms of central nervous system decompression illness to his supervisors;

3. Properly and reasonably select and implement an overall plan to complete the tasks at hand in a safe and non-hazardous manner;

4. Provide Complainant with a safe and non-hazardous workplace;

5. Provide proper and sufficient tools and manpower to complete the tasks at hand;

6. Provide a deck decompression chamber at location;

7. And any other acts of negligence discovered during the prosecution of these causes of actions.

## GENERAL MARITIME LAW

## UNSEAWORTHINESS and NEGLIGENCE

### XI.

At all times pertinent hereto, Respondent, **RIVER SERVICES COMPANY, LLC**, owned, controlled, operated, provisioned, and manned the diver support vessel, upon which **TYLER SILVERIA** was assigned during his employment with **RIVER SERVICES COMPANY, LLC**.

### XII.

Under the General Maritime Law, it was the duty of Respondent, **RIVER SERVICES COMPANY, LLC**, to furnish Complainant, **TYLER SILVERIA**, with a safe place in which to work and with safe gear, appurtenances, equipment, a properly manned vessel and to conduct operations aboard the vessels in a safe and proper manner; in

connection with Complainant's injuries and disability, **RIVER SERVICES COMPANY, LLC**, was negligent in the operation of the vessel and its operations on or about 25 May 2022.

**XIII.**

Complainant avers that through the actions and/or inactions of **RIVER SERVICES COMPANY, LLC**, that the diver support vessel on which Complainant was assigned was rendered unseaworthy.

**XIV.**

The injuries, disabilities and damages sustained by Complainant in the aforementioned paragraphs of this Complaint were caused by the unseaworthy condition of the diver support vessel on which Complainant was assigned during his employment for **RIVER SERVICES COMPANY, LLC**, and by the negligence of **RIVER SERVICES COMPANY, LLC**, in the operation of said vessel and operations on or about 25 May 2022.

**MAINTENANCE AND CURE**

**XV.**

As an employee and seaman of **RIVER SERVICES COMPANY, LLC**, Complainant, **TYLER SILVERIA**, is entitled under the General Maritime Law to the payment of maintenance and cure until his reaching of maximum medical cure. As of the drafting of this Complaint, **RIVER SERVICES COMPANY, LLC**, has failed to pay sufficient maintenance and cure, for which now **TYLER SILVERIA** makes judicial demand, in addition to attorney's fees, costs and damages.

## JURY TRIAL

## XVI.

Complainant, **TYLER SILVERIA**, desires and is entitled to a trial by jury on the issues sued upon herein.

**WHEREFORE,**

1. Complainant, **TYLER SILVERIA**, prays for judgment against Respondent, **RIVER SERVICES COMPANY, LLC**, in an amount as may be proper in the premises, and for all costs and disbursements in this action, and for all general and equitable relief.

2. Complainant, **TYLER SILVERIA**, also prays for judgment against **RIVER SERVICES COMPANY, LLC**, requiring **RIVER SERVICES COMPANY, LLC**, to provide appropriate medical care and rehabilitation due Complainant and for all maintenance and cure benefits due Complainant under the law, in addition to attorney's fees, damages and costs for instituting this cause of action.

3. Complainant, **TYLER SILVERIA**, further prays for trial by jury.

        Respectfully submitted,

        **DELISE & HALL**

          *s/Jeannette M. Delise*
        **JEANNETTE M. DELISE   (#38187)**
        **BOBBY J. DELISE T.A. (#4847)**
        5190 Canal Blvd., Suite 103
        New Orleans, LA  70124
        Telephone: (504) 836-8000
        Telecopier: (504) 836-8020
        jdeliselaw@gmail.com
        bdelise@dahlaw.com

        - AND –

                **ALTON J. HALL, JR. (#20846)**
528 W. 21st Avenue
Covington, LA 70433
Telephone: (985) 249-5915
Telecopier: (985) 809-5787
ahall@dahlaw.com

**Counsel for *TYLER SILVERIA***

**WAIVE SERVICE AT THIS TIME FOR:**
**RIVER SERVICES COMPANY, LLC**